**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| DARRYL LEROY OAKS II,<br><br>Plaintiff,<br>v.<br><br>AIKG, LLC d/b/a ANDRETTI INDOOR KARTING AND GAMES,<br><br>Defendant. | Civil Action No.<br>6:25-cv-01913-JA-RMN |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, AIKG, LLC d/b/a Andretti Indoor Karting and Games ("AIKG"), by and through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss the Amended Complaint (Doc. 10) filed by Plaintiff, Darryl Leroy Oaks II ("Plaintiff"), and in support states the following:

## I. INTRODUCTION

Deadlines matter. So do exhaustion rules. The Amended Complaint ignores both. Plaintiff claims AIKG failed to accommodate him around February 2022, yet he waited until December 2024 – well beyond the filing deadline – to bring a Charge of Discrimination ("Charge"). That Charge alleged only failure to accommodate and retaliation, yet the Amended Complaint tries to inject failure to

promote and hostile work environment claims. These claims are barred for failure to exhaust administrative remedies, and because Plaintiff has already had an opportunity to amend his pleading, the Court should dismiss these claims with prejudice.

The remaining claims in the Amended Complaint are not plausible. Plaintiff alleges AIKG terminated him based on his disability, even though Plaintiff admits he engaged in repeated misconduct. Plaintiff also alleges his termination was retaliatory despite occurring years after he allegedly engaged in protected activity, foreclosing any plausible causal connection required for a retaliation claim. The Amended Complaint violates Rule 10 by intermixing allegations of disparate treatment and hostile work environment with claims of failure to accommodate and retaliation, rendering it an impermissible shotgun pleading. For these reasons, AIKG respectfully submits the Court should dismiss the Amended Complaint in its entirety for failure to state a claim.

## II. FACTUAL BACKGROUND

AIKG hired Plaintiff in 2021 as an arcade and ground attendant (Doc. 10 ¶¶ 10, 24). He had a previous workplace injury to his right hip that caused joint dysfunction (*Id.* ¶¶ 8, 25). Around August 2021, Plaintiff notified his manager that he needed an accommodation (*Id.* ¶¶ 29, 99). Plaintiff again requested an accommodation by submitting updated medical documentation in February 2022

(*Id.* ¶¶ 26–27, 99). That documentation stated Plaintiff has poor circulation in his legs and feet and needs to sit as needed during work shifts (*Id.* ¶¶ 26–27). Plaintiff alleges AIKG denied this request (*Id.* ¶ 31).

According to the Amended Complaint, Plaintiff complained in February 2023 that a manager was "hovering" over him and "constantly monitoring" his work (*Id.* ¶ 37). Plaintiff also asserts that he was denied advancement opportunities, and particularly a promotion to a training position (*Id.* ¶¶ 38; 72).

AIKG issued Plaintiff a written warning in July 2023 due to a customer complaint and another written warning in September 2023 for his phone use (*Id.* ¶¶ 41–43). The latter was marked as a final written warning (*Id.* ¶ 43). Plaintiff contends that these warnings reflect a pattern of increased scrutiny following his accommodation request (*Id.* ¶¶42–43).

The next year, in June 2024, AIKG observed Plaintiff playing an arcade game and using his phone during work hours (*Id.* ¶ 45). The following day, AIKG suspended Plaintiff and, on July 9, 2024, notified him of his termination for violating company policies (*Id.* ¶¶ 46–47, 49).

On December 12, 2024, Plaintiff filed his Charge. *See* Charge of

Discrimination, attached as **Exhibit A**.[1] The Charge focuses exclusively on Plaintiff's assertion that he was denied a reasonable accommodation and that his suspension constituted discrimination and retaliation. *Id*. The Charge has no allegations of an alleged failure to promote Plaintiff to a training position or any claim of a hostile work environment. *Id*.

## III. STANDARDS FOR MOTION TO DISMISS

A party may challenge a lack of exhaustion of administrative remedies in a Title VII or ADA complaint through a motion to dismiss under Rule 12(b)(6). *E.g., Reed v. Winn Dixie, Inc.*, 677 F. App'x 607, 609 (11th Cir. 2017). Generally, "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.12 (11th Cir. 2005). This is not true when the motion to dismiss is based on the defense of failure to exhaust administrative remedies. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).

When reviewing a motion to dismiss based on failure to exhaust, it is proper for the Court "to consider facts outside of the pleadings and to resolve factual

[1] "[T]he court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Plaintiff's Charge meets both requirements.

disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Ellison v. Postmaster Gen., U.S. Postal Serv.*, No. 20-13112, 2022 U.S. App. LEXIS 27555, at *19-20 (11th Cir. Oct. 3, 2022). The Court may rely upon evidence presented by the parties and may take judicial notice of public documents such as records from the EEOC. *Id.* ("[I]t is well established a district court may take judicial notice of relevant public records when it decides a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)").

A party may also use Rule 12(b)(6) to dispose of complaints that fail to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. This requires more than threadbare recitals of the elements of a cause of action and conclusory statements; there must be sufficient factual content for the Court to draw a reasonable inference of liability. *Id.* A complaint that fails to state a claim must be dismissed. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959) (noting that Rule 12(b)(6) "allows of no discretion in the usual sense. The complaint is either good or not

good.").[2]

## IV. LEGAL ARGUMENT

AIKG disagrees that it denied Plaintiff's requested accommodation, but now is not the time to lodge that disagreement. Instead, AIKG can rely on Plaintiff waiting over two years from the alleged denial to file his Charge about the issue. Plaintiff attempts to circumvent this fatal fact by describing the denial as a continuing violation, but this is a conclusory statement, not a factual assertion. AIKG also should not be forced to defend Plaintiff's claims of harassment and failure to promote that he never raised in his Charge. The Court must dismiss those claims and do so with prejudice because Plaintiff cannot truthfully allege any facts through further amendment that would cure these issues.

The remaining claims are not plausible. Plaintiff's claim that AIKG fired him in July 2024 for his disability defies logic when he admits he had multiple instances of misconduct. And his claim that AIKG fired him for requesting an accommodation more than two years prior is too attenuated to be believable. The Court must dismiss these claims too and warn Plaintiff of the consequences of further failures to state plausible claims.

---

[2] Decisions of the former Fifth Circuit from on or before September 30, 1981, are binding in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

### A. The Court Must Dismiss Plaintiff's Untimely Failure-to-Accommodate Claim.

The Amended Complaint alleges AIKG denied Plaintiff a reasonable accommodation (Doc. 10 ¶¶ 31, 64, 104-05). It appears from context this occurred around November 2021 and February 2022 (*Id.* ¶¶ 26-31). Plaintiff waited over two-and-a-half years to file his Charge around December 12, 2024, over this alleged denial. *See* **Ex. A**.[3] The Amended Complaint asserts, however, that the accommodation denial "continued through Plaintiff's employment, including the 300-day period" for filing his Charge (Doc. 10 ¶ 106).

A plaintiff who wishes to sue in federal court based on sex discrimination or harassment must first exhaust administrative remedies. *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1339 (11th Cir. 2017). In a deferral state like Florida, this includes filing an EEOC charge within 300 days of the alleged unlawful employment practice, *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002), and filing an FCRA charge within 365 days, *Woodham v. Blue Cross & Blue Shield of Fla.*, 829 So.2d 891, 894 (Fla. 2002). Timely filing is not optional; it is a

[3] Plaintiff alleges he filed his charge on June 7, 2024 (Doc. 10 ¶ 18). Where, as here, a defendant denies that a plaintiff has met the exhaustion requirements, the burden of proof is on the plaintiff to prove that he has. *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982). AIKG sees no evidence satisfying Plaintiff's burden of proving he filed earlier.

prerequisite to suit under both statutes. *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001); *Woodham*, 829 So.2d at 894. If a plaintiff fails to file an EEOC or FCRA charge before the end of the limitations period, the claim will be barred for failure to exhaust administrative remedies. *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003); *Williams v. Dep't of Corr.*, 156 So. 3d 563, 565 (Fla. Dist. Ct. App. 2015).

Any failure-to-accommodate claim—whether under the ADA or FCRA—cannot survive for one simple reason: it is time-barred. Here, Plaintiff filed his Charge around December 12, 2024, when it was electronically signed. *See* **Ex. A**. As such, any alleged unlawful practice that occurred before December 13, 2023, is untimely under the FCRA and any acts before February 16, 2024, are untimely under the ADA. AIKG notes that Plaintiff does not tell us when the alleged denial of his accommodation occurred (Doc. 10 ¶¶ 31, 64, 104-05), which itself is a basis for dismissing the allegations. Fed. R. Civ. P. 9(f). But as best AIKG can tell, the alleged denials occurred around November 2021 and February 2022 (*Id.* ¶¶ 26-31). That alleged denial of an accommodation occurred more than two years before Plaintiff filed his Charge in December 2024, placing it well outside the statutory filing windows and rendering his claims indisputably time-barred. As such, the Court must dismiss Plaintiff's claim of failure-to-accommodate. *Watson*, 324 F.3d at 1258; *Williams*, 156 So. 3d at 565.

The Court should reject any attempt by Plaintiff to invoke the continuing violation doctrine to revive his untimely accommodation claims. A denial of an accommodation is a discrete act, not a continuing violation. *Abram v. Fulton Cnty. Gov't*, 598 F. App'x 672, 676 (11th Cir. 2015). Plaintiff's attempt to characterize his accommodation request as "continu[ing] throughout" his employment (Doc. 10 ¶ 106) does not change this analysis. This is a conclusory allegation, not a factual one. *Iqbal*, 556 U.S. at 678. And as the Eleventh Circuit has explained, "[f]ailure to remedy a prior act of discrimination does not constitute a new act of discrimination for the purpose of determining whether a claim is time-barred." *Everett v. Cobb Cnty. Sch. Dist.*, 138 F.3d 1407, 1410 (11th Cir. 1998). The alleged denial of Plaintiff's accommodation request was a single, discrete act, and any lingering effects of that denial do not transform it into a continuing violation.

Additionally, there is no basis to excuse Plaintiff's failure to raise this claim timely. Waiver, estoppel, equitable tolling, and other such doctrines can apply to the charge-filing requirement. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Yet the Court may only apply these doctrines sparingly. *Chang v. Carnival Corp.*, 839 F.3d 993, 996 (11th Cir. 2016). There are no grounds for the Court to exercise that sparing discretion here, as the Amended Complaint contains not even a hint of a reason that would shift the equities in favor of waiving, estopping, or tolling the deadlines (Doc. 10). The Court must dismiss Plaintiff's failure-to-

accommodate claim.

**B. The Court Must Dismiss Plaintiff's Failure to Promote and Hostile Work Environment Claims That Are Untimely and That He Did Not Raise in His Charge.**

The Amended Complaint alleges AIKG harassed Plaintiff based on his disabilities and request for accommodation (Doc. 10 ¶¶ 32, 69, 73, 105). Plaintiff appears to allege this harassment took the form of being accused of "faking" his disability in November 2021; being "hover[ed] over" and monitored by management; being denied advancement; having his work hours reduced; being disciplined in July 2023, September 2023, and June 2024; managers being dismissive of Plaintiff's accommodation needs; and AIKG's termination of Plaintiff's employment (*Id.* ¶¶ 30, 33, 37-39, 41-44, 48-49). Plaintiff never raised most of these allegations or a harassment claim in his Charge. *See* **Ex. A**.

It is well established that a plaintiff asserting claims of discrimination must first exhaust administrative remedies by filing a charge of discrimination. *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1339 (11th Cir. 2017). The scope of any subsequent judicial complaint is limited to the EEOC investigation that could reasonably be expected to grow out of the charge. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (citations omitted). "Any claim which Plaintiff asserts here which is not reasonably related to the claims Plaintiff made to the EEOC cannot be heard by this Court." *Simmons v. Neumann*, No. 97-8653,

1999 U.S. Dist. LEXIS 20664, at *28 (S.D. Fla. Nov. 5, 1999). While judicial claims may "amplify, clarify, or more clearly focus" allegations in the EEOC charge, "new acts of discrimination are inappropriate." *Gregory*, 355 F.3d at 1279–80 (citations and internal quotations omitted).

As an initial matter, most of Plaintiff's harassment allegations are time-barred discrete actions. He does not concretely identify a date for most of these actions such as being denied advancement opportunities, and many of the actions do not identify a responsible supervisor or identify different supervisors (Doc. 10 ¶¶ 30, 37-39, 41-44, 48-49). These allegations "are so vague" that they do not establish a continuing violation. *Moore v. San Carlos Park Fire Prot. & Rescue*, 808 F. App'x 789, 797 (11th Cir. 2020). As such, all these allegations preceding December 13, 2023, are time-barred. *Watson*, 324 F.3d at 1258; *Williams*, 156 So. 3d at 565.

Plaintiff also failed to raise any of these allegations (besides termination) or a harassment claim in his Charge. The Charge focuses exclusively on the alleged denial of an accommodation and Plaintiff's suspension. *See* **Ex. A**. The Charge simply states: "I believe I was discriminated against by my employer due to my disability and subjected to retaliation for requesting reasonable accommodations in violation of the [ADA]." *Id*. Plaintiff then alleges his "requested accommodation was denied," he "was suspended without a written explanation," and "[f]ollowing the suspension, [his] hours were drastically reduced, eventually

leaving [him] with no scheduled work." *Id*.

The Charge contains no reference to the alleged failure to promote Plaintiff to the training position. *See* **Ex. A**. The Charge contains no allegation of excessive monitoring or writeups. *See id.* The Charge contains no allegation of Plaintiff having his hours reduced prior to his suspension. *See id.* And the Charge makes no mention of harassment or identifies any facts indicating Plaintiff intended to bring such a claim. *See id*. Plaintiff's failure to promote and hostile work environment claims therefore constitute "new acts of discrimination." *Gregory*, 355 F.3d at 1279–80. These theories do not amplify or clarify the allegations in the Charge; they introduce entirely new claims. *See Jimenez v. United States AG*, 146 F.4th 972, 990 (11th Cir. 2025) (holding a failure to promote claim was not "like or related to" a disparate treatment claim involving work assignments); *Berjano v. Palm Beach Cty.*, No. 9:17-CV-81122, 2018 U.S. Dist. LEXIS 174205, at *7 (S.D. Fla. Oct. 10, 2018) ("courts routinely refuse to permit plaintiffs to bring hostile work environment claims where the EEOC charge is limited to allegations of retaliation or disparate treatment."). Accordingly, Plaintiff's failure to promote and hostile work environment claims must be dismissed for failure to exhaust administrative remedies.

### C. The Court Must Dismiss Plaintiff's Remaining Claims Because They Are Not Plausible.

Little remains of the Amended Complaint after it is appropriately trimmed.

Plaintiff alleges AIKG terminated him because of his disability (Doc. 10 ¶¶ 52-84, 107-14). Plaintiff also alleges AIKG terminated him in retaliation for requesting an accommodation and complaining about being monitored (*Id.* ¶¶ 85-93, 116-24).

To survive a motion to dismiss, a complaint must contain sufficient factual information, accepted as true, to state a claim for relief that is "plausible on its face." *Wooten v. Quicken Loans, Inc.*, 626 F.3d 1187, 1196 (11th Cir. 2010). A plaintiff need not plead more facts than he may ultimately need to prove to succeed on the merits. *Hernandez v. Careersource Palm Beach Cty., Inc.*, No. 23-12285, 2025 U.S. App. LEXIS 13212, at *10 (11th Cir. May 30, 2025) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). But a plaintiff still needs to provide enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . ." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action" and "conclusory statements" will not suffice, *id.*, and neither will mere "[l]abels and conclusions" that fail to rise above a "speculative level," *Twombly*, 550 U.S. at 555.

The Amended Complaint falls far short of advancing a plausible claim of disability discrimination or retaliation. Plaintiff does not have to plead a *prima facie* case under *McDonnell Douglas*, but he does have to show he suffered an adverse action due to intentional discrimination. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (applying this standard in reviewing

race discrimination claims). He has not done so. Even assuming his reprimands and enhanced scrutiny were before this Court, they are not adverse or even materially adverse actions. *Debe v. State Farm Mut. Auto. Ins. Co.*, 860 F. App'x 637, 640 (11th Cir. 2021); *Davis v. Orange Cnty.*, No. 6:22-cv-2222, 2025 U.S. Dist. LEXIS 59358, at *10 (M.D. Fla. Mar. 30, 2025).

As to termination based on disability, he does not identify anyone outside his protected class who was treated more favorably or offer any reason at all his termination was due to his disability. To the contrary, the Amended Complaint acknowledges AIKG disciplined Plaintiff multiple times throughout his career before his termination and offers nothing more than a conclusory assertion the reasons for this discipline were pretextual (Doc. 10 ¶¶ 41-43, 45-47, 51). Plaintiff therefore seems to rely on nothing more than his own speculation that his termination was based on his disability, but that is insufficient to state a plausible claim. *Twombly*, 550 U.S. at 555.

Plaintiff also cannot show causation in his allegations of retaliation. Temporal proximity can support causation, but only when the timing is "very close" – less than three months. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). Here, Plaintiff appears to allege he requested an accommodation in February 2022 and complained about harassment on February 27, 2023 (Doc. 10 ¶¶ 26–27, 37, 118). His suspension and termination occurred in June and July 2024

– *over a year after his complaint and two years after his accommodation request* (*Id.* ¶¶ 45–49). These gaps of time, ranging years, eliminate any inference of causation. And Plaintiff offers no other factual allegations to bridge these gaps. Accordingly, his disability discrimination and retaliation claims under the ADA and FCRA are not plausible as a matter of law and must be dismissed.

**D. The Amended Complaint Is an Impermissible Shotgun Pleading.**

The Amended Complaint's problems are compounded by its failure to identify with clarity the claims Plaintiff asserts against AIKG or the allegations supporting those claims. In other words, the Amended Complaint is a shotgun pleading. A shotgun pleading is one that fails to give the defendant adequate notice of the claims against it and the grounds upon which each claim rests. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Among the recognized types of shotgun pleadings is a complaint that "commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* Rule 10(b) of the Federal Rules of Civil Procedure expressly requires that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

The Amended Complaint violates this rule repeatedly. Counts I and IV – Plaintiff's disability discrimination claims under the ADA and FCRA – combine

multiple distinct theories, including disparate treatment, hostile work environment, and failure to accommodate, into a single count. (Doc. 10 at ¶¶ 78; 113). Count III purports to assert a failure-to-accommodate claim under the ADA, yet Plaintiff also alleges failure to accommodate in Counts I and IV, leaving unclear whether he seeks that relief under the ADA alone or also under the FCRA. Further, Plaintiff's commingling of hostile work environment and disparate theories in Count I forces AIKG to guess which allegations apply to which theory. This lack of clarity violates Rule 10(b) and renders the pleading impermissible, and requires dismissal.

**E. The Court Should Dismiss Plaintiff's Failure-to-Accommodate, Failure-to-Promote, and Harassment Claims with Prejudice, and Limit Plaintiff's Ability to Further Amend.**

Plaintiff has already tried, and failed, to plead his claims twice. AIKG respectfully submits the Court should dismiss Plaintiff's failure-to-accommodate, failure-to-promote, and harassment claims with prejudice because Plaintiff cannot truthfully plead any set of facts that would sufficiently state a claim against AIKG. *Cooper v. Countrywide Home Loans*, 724 F. App'x 741, 744 (11th Cir. 2018). AIKG also respectfully requests that the Court caution Plaintiff that further amendments failing to plausibly allege a cause of action may lead to dismissal of any remaining claims with prejudice. *See Bruce v. U.S. Bank Nat'l Ass'n*, 770 F. App'x 960, 966 (11th Cir. 2019) (disallowing further amendments of pro se complaint that would be

futile) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)); *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 929 (11th Cir. 2016) (affirming dismissal with prejudice where multiple opportunities to amend previously given).

## V. CONCLUSION

The Amended Complaint contains unexhausted claims that must be dismissed with prejudice. The remaining claims are not plausible. AIKG respectfully requests that the Court dismiss Plaintiff's Amended Complaint in its entirety and caution Plaintiff about future amendments not containing plausible claims.

## LOCAL RULE 3.01(g) CERTIFICATE

Counsel for Defendant conferred with Plaintiff's counsel by email on October 16 and 21, 2025. Plaintiff opposes this Motion.

DATED this 3rd day of November, 2025.

Respectfully submitted:

**JACKSON LEWIS P.C.**

*/s/ Jeffrey S. Wilson*
Jeffrey S. Wilson
Florida Bar No. 71195
Jeff.wilson@jacksonlewis.com
171 17th Street NW, Suite 1200
Atlanta, GA 30363

Telephone: (404) 525-8200
Facsimile: (404) 525-1173

Nailah Bowen Casavant
Florida Bar No. 1032083
Nailah.casavant@jacksonlewis.com
390 N. Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of November, 2025, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Jason W. Imler, Esquire, Imler Law, 23110 State Road 54, Unit 407, Lutz, FL 33549, Attorney for Plaintiff.

*/s/ Jeffrey S. Wilson*
Jeffrey S. Wilson