UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARRYL LEROY OAKS II,

    Plaintiff,

v.                                    Case No. 6:25-cv-1913-JA-RMN

AIKG, LLC,

    Defendant.
_____

## ORDER

    This case is before the Court on Defendant, AIKG, LLC's motion to dismiss Plaintiff's amended complaint (Doc. 12) and Plaintiff, Darryl Leroy Oaks II's response (Doc. 17). Based on the Court's review of the parties' submissions, the amended complaint (Doc. 10) must be dismissed as a shotgun pleading, but Plaintiff will be afforded an opportunity to replead his claims.

    The amended complaint pleads counts of disability discrimination in violation of the Americans with Disabilities Act (ADA) (Count I) and the Florida Civil Rights Act (FCRA) (Count V)[1]; retaliation in violation of the ADA (Count II) and FCRA (Count IV); and failure to provide reasonable accommodations in violation of the ADA (Count III). However, the amended complaint is a "shotgun

---

[1] Plaintiff's claim for disability discrimination under the FCRA (Am. Compl. at 29) is not numbered. The Court will refer to this claim as Count V.

pleading" because it improperly "collapses multiple theories of liability into singular counts." *Major v. Walgreens Pharmacy Servs. Midwest, LLC*, No. 2:25-cv-338, 2025 WL 3469879, at *3 (M.D. Fla. Dec. 3, 2025).

Counts I and V—disability discrimination under the ADA and FCRA, respectively—commingle allegations of wrongful denial of reasonable accommodations (Am. Compl. ¶¶ 64, 110), disparate treatment based on disability status, (*id.* ¶¶ 70, 113), and hostile work environment, (*id.* ¶¶ 74, 78, 115). These are discrete claims with different elements; thus, combining them all into one count does not comport with the requirements of Rule 8(a). *See, e.g., Hausberg v. Wilkie*, Case No. 2021 WL 4133739, at *2 (M.D. Fla. Sept. 10, 2021) (finding that a count asserting "claims for both disability discrimination . . . and denial of reasonable accommodation" in a single count is improper); *Hart v. Bear Staffing Servs., Inc.*, No. 2:20-cv-554, 2021 WL 1662766, at *2 (M.D. Fla. Apr. 28, 2021) (finding that complaint was "a shotgun pleading in that it [did] not separate two distinct legal claims—failure to accommodate and discriminatory discharge, both under the ADA").

Moreover, Count III asserts a failure-to-accommodate claim under the ADA, (Am. Compl. ¶¶ 94–106)—also alleged in Counts I and V, (*id.* ¶¶ 64, 110)—leaving Defendant to guess which allegations are intended to support Plaintiff's accommodation claim and what legal authority is being invoked. *See Mikov v. Village of Palm Springs*, No. 23-13311, 2024 WL 3178043, at *3 (11th Cir. June

2

26, 2024) (affirming dismissal without prejudice on shotgun pleading grounds when the complaint "made it overly burdensome to identify which facts support[ed] each claim"); *Micro v. Shabanets*, No. 15-CV-80999, 2015 WL 11438937, at *4 (S.D. Fla. Dec. 4, 2015) (dismissing complaint with "duplicative" allegations for failing to satisfy "Rule 8's requirement for 'a short and plain statement of the claim'").

"Resolving claims asserted in shotgun pleadings is 'an undue tax on the Court's resources.'" *Major*, 2025 WL 3469879, at *2 (quoting *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018)). "Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice." *Byrne v. Nezhat*, 261 F.3d 1075, 1129–31 (11th Cir. 2001) *abrogated on other grounds as recognized by Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 n.10 (11th Cir. 2018). Because the Amended Complaint violates Rule 8, it will be dismissed as a shotgun pleading. The Court will not address Defendant's remaining arguments at this time, but Defendant may raise them again in response to a subsequent pleading. *See Magluta v. Samples*, 256 F.3d 1282, 1284–85 (11th Cir. 2001) (finding that the appropriate disposition of a "quintessential 'shotgun' pleading" is dismissal without prejudice for violating the pleading rules). Plaintiff will be permitted to file a second amended complaint but is advised that further amendments that fail to comply with the pleading rules may result in dismissal with prejudice. *See Burger King Corp. v. Weaver*, 169 F.3d 1310,

1320 (11th Cir. 1999).

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendant's motion to dismiss (Doc. 12) is **GRANTED**. Plaintiff's amended complaint (Doc. 10) is **DISMISSED without prejudice**. Plaintiff may file a second amended complaint on or before February 6, 2026.

**DONE** and **ORDERED** in Orlando, Florida, on January 16, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

4